NO. 07-03-0174-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 14, 2004



______________________________




LUBBOCK REGIONAL MENTAL HEALTH AND


MENTAL RETARDATION CENTER, APPELLANT



V.



PATTY MCMENAMY, INDIVIDUALLY AND AS


 THE NEXT FRIEND OF JEFF MCMENAMY,


NON-COMPOS MENTIS, APPELLEE


 

_________________________________





FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-518,541; HONORABLE BILLY JOHN EDWARDS, JUDGE


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Lubbock Regional Mental Health and Mental Retardation Center (MHMR) appeals
from a partial denial of its plea to the jurisdiction. We reverse.

 Patty McMenamy (McMenamy), individually and as next friend of Jeff McMenamy,
filed suit against MHMR alleging ordinary negligence and a violation of the Patient's Bill of
Rights, Tex. Health & Safety Code Ann. §§ 321.001-.004 (Vernon 2001), (1) for injuries that
Jeff suffered while attending a program offered by appellant. 

 MHMR filed a Plea to the Jurisdiction urging that McMenamy's claims were barred
by sovereign immunity. (2) As relevant to this appeal, MHMR contended that the Patient's Bill
of Rights does not expressly or impliedly waive sovereign immunity. (3)

 The trial court granted MHMR's plea in regard to the ordinary negligence claim,
resulting in the dismissal of the claim for want of jurisdiction, but denied MHMR's plea in
regard to the Patient's Bill of Rights claim. MHMR appealed the failure of the trial court to
dismiss the Patient Bill of Rights claim. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon Supp. 2003). (4)

 The Texas Supreme Court has now determined that there is neither an express nor
implied waiver of sovereign immunity in the Patient's Bill of Rights and, therefore, state
mental health facilities such as MHMR are immune from suit for violations of TH&SC §
321.001-.004. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692 (Tex. 2003). 

 Because sovereign immunity protects MHMR from suit for violations of the Patient's
Bill of Rights provisions, the trial court did not have subject matter jurisdiction over
McMenamy's Patient's Bill of Rights claim. We reverse that part of the trial court's order
denying MHMR's plea to the jurisdiction, render judgment dismissing McMenamy's
Patient's Bill of Rights claim for want of jurisdiction, and remand to the trial court for further
proceedings. 

 

 Phil Johnson

 Chief Justice



1. Further references to Texas Health and Safety Code provisions will be by reference
to "TH&SC §___."
2. See Federal Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997); Lowe v. Tex.
Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976). 
3. McMenamy did not contest MHMR's proof of its status as a community center
organized under provisions of the Texas Mental Health/Mental Retardation Act of 1965, see
Tex. Rev. Civ. Stat. Ann. art. 5547-201 through 204, codified as TH&SC ch. 534, and its
entitlement to sovereign immunity, absent a waiver of that immunity. See TH&SC §
534.001(c)(1); Dallas County Mental Health and Mental Retardation v. Bossley, 968 S.W.2d
339 (Tex. 1998). 
4. On July 10, 2003, McMenamy filed notice of appeal challenging the trial court's
dismissal of her ordinary negligence claim for lack of jurisdiction. The trial court's order was
dated March 31, 2003. McMenamy's notice of appeal was not timely filed. See Tex. R.
App. P. 26.1(b), (d) and 28. McMenamy did not file a brief in support of her attempted
appeal of the trial court's dismissal of her ordinary negligence claim. We dismiss
McMenamy's appeal. Tex. R. App. P. 25.1(b) and 38.8(a)(1).


herwise abused the appellate process. Should it be determined that he is or has, then
appropriate, lawful measures will be invoked to end his activities.
 
                                                                           Brian Quinn 
                                                                          Chief Justice 



Do not publish.